1   Lisa D. Olle, Bar No. 228551
    lolle@perkinscoie.com
2   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
3   San Francisco, CA 94111-4131
    Telephone: 415.344.7000
4   Facsimile: 415.344.7050

5   Attorneys for Plaintiff
    FACEBOOK, INC.

FILED

#99
FeesPd
SI

2007 JUN 28 P 3: 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

E-FILING

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   FACEBOOK, INC., a Delaware          Case No.
     corporation,
13                                       C 07  03404  HRL
                        Plaintiff,
14                                       COMPLAINT FOR:

15         v.                            1) VIOLATION OF THE COMPUTER
                                         FRAUD AND ABUSE ACT; AND
16   JOHN DOES 1-10, individuals; and JOHN   2) VIOLATION OF THE CALIFORNIA
     DOES 11-20, corporations,           COMPREHENSIVE COMPUTER DATA
17                                       ACCESS AND FRAUD ACT
                        Defendants.
18                                       [DEMAND FOR JURY TRIAL]

19
        For its complaint, plaintiff FACEBOOK, Inc. ("FACEBOOK") alleges as follows:
20
                             I.    PARTIES
21
        1.      Plaintiff FACEBOOK is a Delaware corporation with its principal place of
22
     business in Palo Alto, California.
23
        2.      Defendants John Does 1-10 are individuals of unknown residence and citizenship.
24
     FACEBOOK does not know any of the John Does' identities or locations at this time.
25
     FACEBOOK will amend its complaint to name John Does 1-10 when their identities are learned.
26
        3.      Defendant John Does 11-20 are corporations of unknown locations of
27
     incorporation. FACEBOOK does not know the identities or locations of John Does 11-20 at this
28

COMPLAINT [DEMAND FOR JURY TRIAL]
60406-0005/LEGAL13362526.1

1    time. FACEBOOK will amend its complaint to name John Does 11-20 when their identities are

2    learned.

## II.    JURISDICTION AND VENUE

3

4      4.      This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331,

5    because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

6      5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Depending on the

7    residence of defendants, venue may be proper under 28 U.S.C. § 1391(b)(1) or (3) as well.

## III.    FACTS AND BACKGROUND

8

9      6.      FACEBOOK, Inc. ("FACEBOOK") owns and operates a social networking Web

10    site located at http://www.facebook.com.

11      7.      FACEBOOK requires users to register with a unique username and password in

12    order to access to its proprietary computer network.

13      8.      FACEBOOK users may create profiles that contain personal data such as contact

14    information (including email addresses, mailing addresses and telephone numbers), pictures, and

15    other content that is personal in nature.

16      9.      FACEBOOK's Web site enables users to add "friends" to their profiles. This

17    process connects one registrant's profile to another registrant's profile, giving each of the

18    connected "friends" access to the other "friends" connected to the respective profiles. In this

19    manner, FACEBOOK's Web site creates a virtual social network of interconnected profiles.

20    "Friends" can send messages to one another over FACEBOOK's proprietary computer network.

21    Users may also send email to one another over the internet.

22      10.      FACEBOOK user profiles are available for viewing and FACEBOOK users may

23    be contacted only by FACEBOOK or persons who have a FACEBOOK username and password.

24      11.      Before a username is activated, the user must agree to FACEBOOK's Terms of

25    Use, which sets forth the terms of authorized use before FACEBOOK activates their accounts.

26      12.      FACEBOOK's Terms of Use prohibit users from conducting certain activities.

27    Among the prohibited activities are sending unsolicited or unauthorized advertising, promotional

28    materials, junk mail, spam, chain letters, pyramid schemes, soliciting passwords and personally

- 2 -

COMPLAINT [DEMAND FOR JURY TRIAL]
60406-0005/LEGAL13362526.1

1  identifiable information (which is often the intent of so-called "phishing" schemes), and using

2  automated software scripts to send large volumes of requests to the FACEBOOK network.

3  Furthermore, the Terms of Use prohibit users from disseminating any forms of mass-mailing,

4  mass-contact, or sales schemes over FACEBOOK's Web site.

5       13.    FACEBOOK requires its users to refrain from the prohibited actions described in

6  its Terms of Use because they have the potential to overwhelm FACEBOOK's proprietary

7  computer network and disrupt or degrade service to FACEBOOK users.  Furthermore, the

8  prohibited actions detract from the FACEBOOK user environment because they are often

9  associated with unwanted or harmful activities targeting FACEBOOK users or attempting to

10  compromise FACEBOOK's security.

11       14.    Sometime between or before June 1, 2007 and June 15, 2007, John Does 1-20

12  ("John Doe") used Internet Protocol Address ("IP Address") 216.127.50.20 to access

13  FACEBOOK's Web site hundreds of thousands of times.  During the fifteen-day period from

14  June 1, 2007 to June 15, 2007, John Doe was responsible for more than 200,000 separate requests

15  sent to FACEBOOK.

16       15.    The communications received from IP Address 216.127.50.20 between June 1 and

17  June 15, 2007 used an automated script to gain unauthorized access to FACEBOOK's "friend-

18  finder" functionality.  These requests generated error messages, and were detected as

19  unauthorized attempts to access and harvest proprietary information belonging to FACEBOOK.

20       16.    FACEBOOK reported this unauthorized activity originating from IP address

21  216.127.50.20 and the ISP blocked the offending IP address from accessing IP addresses

22  associated with FACEBOOK's proprietary computer system.  Thereafter, John Doe continued his

23  attempts to access the FACEBOOK computer system without authorization by other means.

24       17.    As a direct and proximate result of the activities described in paragraphs 14 and 15

25  and other attempts at unauthorized access to FACEBOOK's proprietary computer network by

26  John Does 1 -20, FACEBOOK has incurred substantial damages in excess of $5,000.

27

28

- 3 -

## IV.    CLAIMS FOR RELIEF

## COUNT I – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

18.     Plaintiff FACEBOOK realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-17 above.

19.     FACEBOOK's Web site operates in interstate commerce.

20.     John Doe intentionally accessed FACEBOOK's Web site without authorization, including but not limited to more than 200,000 separate requests sent from IP Address 216.127.50.20, which caused or recklessly caused damage and loss to FACEBOOK.

21.     John Doe's attempts to access FACEBOOK's Web site have harmed FACEBOOK in that, among other things, FACEBOOK has been required to expend resources to investigate the attempted unauthorized access and abuse of its computer network and to prevent such access or abuse from occurring.

## COUNT II – CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CALIFORNIA PENAL CODE § 502(C)

22.     Plaintiff FACEBOOK realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-21 above.

23.     FACEBOOK's proprietary computer network that hosts its Web sites is located in the State of California.

24.     John Doe knowingly and without permission used FACEBOOK's proprietary computers, computer system, or computer network.

25.     John Doe knowingly and without permission accessed FACEBOOK's proprietary computers, computer system, or computer network.

26.     Upon information and belief, John Doe knowingly and without permission took, copied, or made use of, data from FACEBOOK's proprietary computers and computer network.

27.     As a direct and proximate result of John Doe's actions, FACEBOOK has been irreparably harmed and damaged in that, among other things, FACEBOOK has been required to expend resources to investigate the attempted unauthorized access and abuse of its computer

- 4 -

1  network and to prevent such access or abuse from occurring.  The extent and amount of such

2  injury and damage will be demonstrated at trial.

3  **V.      JURY DEMAND**

4      28.    Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury

5  as to all issues so triable in this action.

6  **VI.    PRAYER FOR RELIEF**

7      **WHEREFORE**, plaintiff FACEBOOK prays for the following relief:

8      A.     For injunctive relief, as follows:  An order barring defendants from any further

9  acts constituting a violation of the Computer Fraud and Abuse Act or the California

10  Comprehensive Data Access and Fraud Act, including any attempts to access FACEBOOK's

11  computer systems, with or without a valid registration;

12      B.     For judgment in favor of plaintiff, and against defendant, for damages in such

13  amounts as may be proven at trial; and

14      D.     For such other relief as the Court may deem just and proper.

15

16  DATED:  June 28, 2007                    **PERKINS COIE** LLP

17

18                                           By: _____
                                                 Lisa D. Olle

19
                                             Attorneys for Plaintiff
20                                           FACEBOOK, INC.

21

22

23

24

25

26

27

28

- 5 -

COMPLAINT [DEMAND FOR JURY TRIAL]
60406-0005/LEGAL13362526.1