# EXHIBIT C

**to the Declaration of James R. McCullagh in Support of Motion for Leave to Take Discovery on Accretive Technology Group, Inc. and FCI, Inc.**

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

FACEBOOK, INC., a Delware Corporation,

    Plaintiff,

v.

JOHN DOES 1-10, individuals; and
JOHN DOES 11-20, corporations,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:

[NOTE: If action is pending in district other than district of issuance, state district under case number]

TO:    ACCRETIVE TECHNOLOGY GROUP, INC and FCI, INC.
        2019 3rd Avenue, Suite 200
        Seattle, WA 98121

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects described in Exhibit A, attached hereto, at the place, date and time specified below:

**See Attachment A**

| PLACE | DATE AND TIME |
|---|---|
| Perkins Coie LLP<br>1201 Thrid Avenue, Floor 48, Seattle, WA 98101-3099 | |

☒ YOU ARE COMMANDED to permit inspection of the following premises at the date and time sp ecified below.

| PREMISES | DATE AND TIME |
|---|---|
| See Attachment B | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testif y on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Joseph P. Cutler*, Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101; (206) 359 -8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & E on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph(d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, o
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonable usable
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2)(A) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

60406-0005/LEGAL13357568.3

## ATTACHMENT A

### Subpoena to Accretive Technology Group, Inc. and FCI, Inc.

For the Internet Protocol ("IP") address: 216.127.50.20 and

For the time period of 6:00 a.m. PST on May 15, 2007 to 6:00 a.m. on June 20, 2007,

Please produce all logs, records, data, documentation and other information relating to this IP address, including, but not limited to, information regarding the identity, contact, and billing information for users of this IP address, all customer service interactions, and all logs and records of all activity, including messages and HTTP traffic received and sent, from this IP address to the Facebook addresses identified by netblock 205.14.20.0/22.

This production should include:

(1)  Information concerning the assignment of this IP address to any persons, entities, users or subscribers;

(2)  The names, addresses, telephone numbers, email addresses, and other contact information for person, entities, users or subscribers to whom the IP address was assigned or by whom the IP address was used;

(3)  The establishment of any accounts related to the IP address, and all applications or agreements relating thereto;

(4)  Copies of all agreements and contracts, between Accretive Technology or FCI and any owner/operator of the server responsible for handling IP address 216.127.50.20;

(5)  All server logs from the computer server handling IP address 216.127.50.20 from

(6)  Log-in and password information for access to the server handling IP address 216.127.50.20; and

(7)  Information concerning connections to or use of the IP address or accounts related thereto, including any and all IP addresses used to access the accounts.



## ATTACHMENT B

### Subpoena to Accretive Technology, Inc. and FCI, Inc.

For the Internet Protocol ("IP") address: 216.127.50.20 and

For the time period of 6:00 a.m. PST on June 1, 2007 to 6:00 a.m. on June 20, 2007,

Please permit access to, a nd inspection of, all servers handling any traffic from this IP address during the time period specified in this Exhibit B.

This access for inspection should include:

(1)   Remote software access to all data contained on such servers and equipment identified in the preceding paragraph;

(2)   Physical access to any and all parts of such servers and equipment identified in the preceding paragraph;

(3)   Permission to conduct any and all diagnostic, harvesting, copying, downloading, or other actions upon such servers and equipment identified in the preceding paragraph as Plaintiff deems necessary to conduct discovery related to the information sought in Attachment A of this Subpoena.