1  James McCullagh, *pro hac vice*
       jmccullagh@perkinscoie.com
2  Joesph Cutler, *pro hac vice*
       jcutler@perkinscoie.com
3  PERKINS COIE LLP
   1201 Third Avenue, Suite 4800
4  Seattle, WA  98101
   Telephone:  206.359.8000
5  Facsimile:  206.359.9000

6  David P. Chiappetta, Bar No. 172099
       dchiappetta@perkinscoie.com
7  Lisa D. Olle, Bar No. 228551
       lolle@perkinscoie.com
8  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
9  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
10 Facsimile:  415.344.7050

11 Attorneys for Plaintiff
   FACEBOOK, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOES 1-10, individuals; and JOHN DOES 11-20, corporations,<br><br>　　　　Defendants. | Case No. C-07-03404 HRL<br><br>***EX PARTE* APPLICATION BY FACEBOOK, INC. FOR ORDER SHORTENING TIME FOR HEARING ON FACEBOOK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO TAKE FURTHER DISCOVERY, TO ISSUE LETTERS ROGATORY, AND TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Date:　　October 23, 2007<br>Time:　　10:00 a.m.<br>Dept.:　　2, 5th Floor<br>Before:　Honorable Howard R. Lloyd |

*EX PARTE* APPLICATION BY FACEBOOK, INC. FOR ORDER SHORTENING TIME
CASE NO.  C-07-03404 HRL
91004-1100/LEGAL13565137.1

Plaintiff Facebook, Inc. ("Facebook") hereby moves this Court, pursuant to Local Rule 6-3 of the California Rules of Court for an Order Shortening Time for Hearing on Facebook's Motion for Leave to Take Further Discovery, to Issue Letters Rogatory, and to Continue the Case Management Conference.

Facebook requests that the Court hear its Motion on September 25, 2007, or as soon thereafter as the matter may be heard.  This Application is made on the grounds that hearing the Motion on a regular briefing schedule will cause Facebook substantial harm since the electronic data sought in Facebook's Motion can be easily destroyed or deleted and this data is central to the claims alleged in Facebook's complaint.  Time is of the essence in this case since the identities of the John Doe defendants are likely in the possession of third-parties, Look Communications, Inc. ("Look") and Rogers Communications, Inc. ("Rogers").  Apart from the information on Look's and Rogers' servers, Facebook does not have any other reasonable means to learn the identities of the subscribers using these IP addresses.  Facebook has good cause to proceed with its discovery on Rogers and Look, pursuant to Rule 26(d), since its case will not proceed without the information currently in Rogers' and Look's possession.

On July 13, 2007, the Court granted Facebook's *Ex Parte* Motion, in part, for leave to take discovery on Accretive, based on Facebook's good faith belief that Accretive had data in its possession revealing the identity of the person or entity behind these unlawful attempts. Subsequently, Facebook served a subpoena on Accretive, pursuant to Rule 45 of the Federal Rules of Civil Procedure.  In response to this subpoena, Accretive provided Facebook with a hosting agreement indicating that the IP address at issue was subleased to "1564476 Ontario Limited," an entity in Canada that is affiliated with an online pornography company doing business at www.slickcash.com.  Accretive also produced server logs from the server bearing IP address 216.127.50.20, which was used to attack Facebook's site, indicating that the commands to gain unauthorized access and launch malicious code on Facebook's site were sent to that server by IP addresses registered to Look and Rogers.  Based on the information contained in Accretive's server logs, Facebook believes that the Look and Rogers subscribers are likely the John Does

- 2 -

*EX PARTE* APPLICATION BY FACEBOOK, INC. FOR ORDER SHORTENING TIME
CASE NO.  C-07-03404 HRL
91004-1100/LEGAL13565137.1

1  identified in Facebook's complaint as defendants; the same individuals who uploaded the scripted
2  commands to Accretive's server to attack Facebook's site.  Facebook has no reasonable means to
3  obtain the information related to the identity of the John Does without access to the information in
4  Look's and Rogers' possession as well as access to the information contained on the subject
5  server.
6       This Application is based upon the attached Memorandum of Points and Authorities and
7  the Declaration of Lisa D. Olle in Support of Facebook, Inc.'s Memorandum of Points and
8  Authorities in Support of Motion for Leave to Take Further Discovery, to Issue Letters Rogatory,
9  and to Continue Case Management Conference ("Olle Decl.") filed concurrently herewith, the
10 complete files and records in this action, and any oral argument with regard to this Application.
11      Facebook therefore respectfully requests that this Court grant its Application for an Order
12 Shortening Time for Hearing on its Motion for Leave to Take Further Discovery, to Issue Letters
13 Rogatory, and to Continue Case Management Conference.

- 3 -

*EX PARTE* APPLICATION BY FACEBOOK, INC. FOR ORDER SHORTENING TIME
CASE NO.  C-07-03404 HRL
91004-1100/LEGAL13565137.1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  BACKGROUND FACTS**

On June 28, 2007, Facebook filed a complaint against John Does 1-10, individual and John Does 1-10, corporations ("Complaint"). In its Complaint, Facebook alleges that the John Doe defendants violated the Computer Fraud and Abuse Act, 18. U.S.C. § 1030 and the California Comprehensive Data Access and Fraud Act, Cal. Penal Code § 502(c) when they unlawfully accessed Facebook's proprietary computer system located at: http://www.facebook.com more than 200,000 times from a single IP address.

Facebook, relying on publicly available information, researched the identity of this IP address and learned that IP Address 216.127.50.20 is associated with Accretive. On July 13, 2007, the Court granted Facebook's *Ex Parte* Motion, in part, for leave to take discovery on Accretive, based on Facebook's good faith belief that Accretive had data in its possession revealing the identity of the person or entity behind these unlawful attempts. Subsequently, Facebook served a subpoena on Accretive, pursuant to Rule 45 of the Federal Rules of Civil Procedure. In response to this subpoena, Accretive provided Facebook with a hosting agreement indicating that the IP address at issue was subleased to "1564476 Ontario Limited," an entity in Canada that is affiliated with an online pornography company doing business at www.slickcash.com. Accretive also produced server logs from the server bearing IP address 216.127.50.20, which was used to attack Facebook's site, indicating that the commands to gain unauthorized access and launch malicious code on Facebook's site were sent to that server by IP addresses registered to Look and Rogers. On September 6, 2007, Facebook sent preservation letters to both Look and Rogers requesting that they preserve all logs, records, data, and other information relating to these IP addresses. Both Look and Rogers responded to these preservation requests stating that they had preserved the subscriber information for the IP addresses and stated that Facebook would be required to seek a court order, from a Canadian Court, via letters rogatory, in order to obtain this subscriber information. *See* Declaration of Joseph Cutler in support Facebook's Motion for Leave to Take Further Discovery, to Issue Letters Rogatory, and to Continue Case Management Conference at ¶

- 4 -

4. Apart from the information on Look's and Rogers' servers, Facebook does not have any other reasonable means to learn the identities of the subscribers using these IP addresses.

## II.   ARGUMENT

Facebook will suffer substantial hardship if this Court hears its Motion on a normal briefing schedule.  Facebook has been and continues to be harmed by these unlawful attempts to access Facebook's proprietary computer system.  Time is of critical importance given the fact that the data revealing the identity of the person or entity behind these unlawful attempts is in Look's and Rogers' possession and could easily be deleted, overwritten, or otherwise destroyed.  Furthermore, apart from the information on Look's and Rogers' servers, Facebook does not have any other reasonable means to learn the identity of IP Address 216.127.50.20.  Without the evidence that is in Look's and Rogers' possession, Facebook would not be able to pursue this lawsuit against the defendants that are responsible for unlawfully attempting to access Facebook's computer system in direct violation of the laws that were specifically enacted to protect companies such as Facebook.

The reasoning behind Facebook's Motion is sound, but delaying a decision on this Motion would significantly prejudice Facebook since it would allow over five weeks to lapse without acting to preserve fragile electronic evidence, which is integral to Facebook's case.

In addition, shortening the briefing schedule would not cause the John Doe defendants any harm since their identities are presently unknown and they have not yet been served with this Complaint.

///

///

///

///

///

///

///

*EX PARTE* APPLICATION BY FACEBOOK, INC. FOR ORDER SHORTENING TIME
CASE NO.  C-07-03404 HRL
91004-1100/LEGAL13565137.1

### III. CONCLUSION

For the foregoing reasons, the Court should grant Facebook's *Ex Parte* Application for Order Shortening Time for Hearing on Facebook's Motion for Leave to Take Further Discovery, to Issue Letters Rogatory, and to Continue Case Management Conference.

Dated: September 20, 2007            **PERKINS COIE LLP**

By: _____/s/_____
         Lisa D. Olle

Attorneys for Plaintiff
FACEBOOK, INC.