1   James McCullagh, *pro hac vice*
    jmccullagh@perkinscoie.com
2   Joseph Cutler, *pro hac vice*
    jcutler@perkinscoie.com
3   PERKINS COIE LLP
    1201 Third Avenue, Suite 4800
4   Seattle, WA  98101
    Telephone:  206.359.8000
5   Facsimile:  206.359.9000

6   David P. Chiappetta, Bar No. 172099
    dchiappetta@perkinscoie.com
7   Lisa D. Olle, Bar No. 228551
    lolle@perkinscoie.com
8   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
9   San Francisco, CA  94111-4131
    Telephone:  415.344.7000
10  Facsimile:  415.344.7050

11  Attorneys for Plaintiff
    FACEBOOK, INC.
12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN JOSE DIVISION**

16

17  FACEBOOK, INC., a Delaware
    corporation,
18                                              Case No. C-07-03404 HRL
                    Plaintiff,
19                                              **MEMORANDUM OF POINTS AND**
         v.                                     **AUTHORITIES IN SUPPORT OF**
20                                              **MOTION FOR LEAVE TO TAKE**
    JOHN DOES 1-10, individuals; and JOHN       **FURTHER DISCOVERY, TO ISSUE**
21  DOES 11-20, corporations,                   **LETTERS ROGATORY, AND TO**
                                                **CONTINUE CASE MANAGEMENT**
22                  Defendants.                 **CONFERENCE**

23                                              Date:        October 23, 2007
                                                Time:        10:00 a.m.
24                                              Dept.:       2, 5th Floor
                                                Before:      Honorable Howard R. Lloyd
25

26

27

28

    MEMORANDUM OF POINTS AND AUTHORITIES
    ISO MOTION FOR LEAVE TO TAKE DISCOVERY

    91004-1100/LEGAL13565062.1                              CASE NO. C-07-03404 HRL

Dockets.Justia.com

## I.    INTRODUCTION

FACEBOOK INC. ("Facebook") moves this Court for an order allowing it to obtain

discovery from third-party Internet Service Providers ("ISPs"), including Look Communications

Inc. ("Look") and Rogers Cable Communications Inc. ("Rogers"), in order to obtain information

regarding the identity of the persons responsible for the unauthorized access of Facebook's

computer system.  At least between June 1, 2007 and June 15, 2007, John Does 1-10 or John

Does 11-20, used an Internet Protocol Addresses ("IP addresses") registered to Accretive

Technology Group, Inc. ("Accretive") to access without authorization, or in excess of

authorization, Facebook's proprietary computer system more than 200,000 separate times.

On July 13, 2007, the Court granted Facebook's *Ex Parte* Motion, in part, for leave to take

discovery on Accretive Technology Group, Inc. ("Accretive"), based on Facebook's good faith

belief that Accretive had data in its possession revealing the identity of the person or entity

behind these unlawful attempts.  Through server logs that Accretive provided in response to

Facebook's subpoena, Facebook determined that the commands to attack Facebook's Web site

were sent to Accretive's server by IP addresses 74.117.158.224 and 207.136.118.110, which

belong to subscribers of Look and Rogers facilities in Toronto, Canada.  Because the ISPs in

Canada likely possess information that will reveal the identity of the individuals responsible for

the attacks, Facebook requests that it be permitted to conduct discovery on Look, Rogers, and

other identified ISPs regarding users and/or subscribers of IP addresses used in furtherance of the

unauthorized access of Facebook's protected computers.

## I.    STATEMENT OF FACTS

On June 28, 2007, Facebook filed its complaint against John Does 1-10 and John Does

11-20 ("John Doe").  Facebook alleges that between or before June 1 and June 15, 2007, John

Doe accessed without authorization, or in excess of their authorization, Facebook's proprietary

computer system at http://www.facebook.com more than 200,000 times from a single IP address

in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and the California

Comprehensive Data Access and Fraud Act, Cal. Penal Code § 502(c).  Each and every

- 2 -

1    communication on the Internet is associated with a unique IP address that identifies the computer

2    sending the communication as well as a unique IP address that identifies the intended recipient of

3    the communication.  Facebook initially used publicly available Internet resources and tools to

4    determine that Accretive was the assigned owner of the IP address from which the access

5    emanated.

6         On July 13, 2007, the Court granted Facebook's *Ex Parte* Motion, in part, for leave to take

7    discovery on Accretive, based on Facebook's good faith belief that Accretive had data in its

8    possession revealing the identity of the person or entity behind these unlawful attempts.

9    Subsequently, Facebook served a subpoena on Accretive, pursuant to Rule 45 of the Federal

10   Rules of Civil Procedure.  In response to this subpoena, and after discussions with Facebook's

11   counsel, Accretive provided a hosting agreement indicating that the IP address at issue was

12   subleased to "1564476 Ontario Limited," an entity in Canada that is affiliated with an online adult

13   entertainment company doing business at www.slickcash.com.  Accretive also produced server

14   logs from the server bearing the IP address that was used to attack Facebook's site.  This

15   information indicated that the commands to gain unauthorized access and launch malicious code

16   on Facebook's site were sent to that server by IP addresses 74.117.158.224 and 207.136.118.110,

17   which Facebooked determined are registered to Look and Rogers.  Facebook believes that the

18   subscribers or users of these two IP addresses are responsible for attacking its Web site.  On

19   September 6, 2007, Facebook sent preservation letters to Look and Rogers requesting that they

20   preserve all logs, records, data, and other information relating to these IP addresses.  Declaration

21   of Joseph Cutler ("Cutler Decl.") ¶¶ 2-3; Exhs. A and B.  Both Look and Rogers responded that

22   they had preserved the subscriber information for the IP addresses, but that they required a court

23   order, from a Canadian Court, via letters rogatory, in order to release the requested information.

24   Cutler Decl. ¶ 4.  Apart from the information on Look's and Rogers' servers, Facebook does not

25   have any other reasonable means to learn the identities of the subscribers using these IP

26   addresses.  Cutler Decl. ¶ 7.  Facebook has good cause to proceed with its discovery on Rogers

27

28                                                          - 3 -

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION FOR LEAVE TO TAKE DISCOVERY
91004-1100/LEGAL13565062.1                                              CASE NO. C-07-03404 HRL

1    and Look, pursuant to Rule 26(d), since its case will not proceed without the information

2    currently in Rogers' and Look's possession. Cutler Decl. ¶ 7.

3         Based on the information contained in Accretive's server logs, Facebook believes that the

4    Look and Rogers subscribers are responsible for directing the attacks on Facebook's site and are

5    therefore at least some of the John Does referred to in Facebook's complaint.  Facebook has no

6    reasonable means to identify these John Does without access to the information in Look's and

7    Rogers' possession as well as access to the information contained on the subject server.

8                    **II.    ARGUMENT**

9         There is good cause for the Court to authorize discovery from both Look and Rogers

10    including the release of the information described in Attachments A of the letters rogatory

11    attached to the Cutler Declaration.  Cutler Decl. ¶¶ 5-6, Exhs. D and E.  Facebook has grounds to

12    proceed with its suit against the John Does, but in order to do so Facebook must first learn the

13    John Does' identities.  Facebook has no reasonable means available to identify the John Does

14    other than from logs residing on the servers, or from information held by, Look and Rogers.

15         To the extent leave of Court is needed under Federal Rule of Civil Procedure 26(d) to take

16    discovery before an initial discovery conference pursuant to Federal Rule of Civil Procedure 26,

17    including serving the letters rogatory, such leave should be granted.  No parties have yet been

18    named so it would be impossible to hold a conference of counsel under Rule 26(f).  Unless

19    discovery is allowed to determine defendants' identities, this matter could never proceed.

20            **III.    REQUEST FOR ISSUANCE OF LETTERS ROGATORY**

21         Because neither Look nor Rogers can produce the information sought in this discovery

22    request without an order from a court of competent jurisdiction in Canada, Facebook petitions the

23    Court to issue Letters Rogatory pursuant to 28 U.S.C. § 1781, in the forms attached to the Cutler

24    declaration, requesting that the appropriate judicial authority of Ontario, Canada compel the

25    production of documents and information specified in the Letters Rogatory relating to the identity

26    of, and contact information for, customers of Look Communications and Rogers

27    Communications.  Cutler Decl. Exhs. D and E.  Specifically, the letters rogatory request the

28                            - 4 -

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION FOR LEAVE TO TAKE DISCOVERY
91004-1100/LEGAL13565062.1                                  CASE NO. C-07-03404 HRL

1   identity of users of the two IP Addresses that were used to send commands through Accretive's

2   server in the United States to stage malicious attacks on Facebook's Web site.  Id.

3        Facebook requests that this Court issue the proposed Letter Rogatories, two copies of each

4   of which are attached, and that the Clerk of the Court affix the seal of this Court and return one

5   original to counsel for Facebook, who shall be responsible for attaching true and accurate copies

6   of the summons, complaint and exhibits in this action, and delivering the foregoing to the

7   appropriate judicial authority in Ontario, Canada.  Facebook shall be responsible for payment of

8   all charges and expenses associated with service of the Letter Rogatory and will prepay them, if

9   necessary.  Otherwise, Facebook shall reimburse this Court for any charges or expenses due to the

10  appropriate judicial authority of Ontario.

11  **IV.    REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

12       In addition, Facebook requests a twelve (12) week continuance of the initial case

13  management conference in this case, currently scheduled for October 2, 2007, to enable Facebook

14  to conduct discovery on Look and Rogers by issuing letters rogatory to the Ontario courts, and to

15  file and serve an amended complaint, naming the Doe defendants.  Facebook understands that it

16  often takes about a month for a Canadian court to issue a subpoena in response to a letter

17  rogatory.  Cutler Decl. ¶ 8.  After the order is issued by the Canadian court, it will take Rogers

18  and Look some time to provide Facebook the requested information.  Cutler Decl. ¶ 9.  Facebook

19  will take prompt action.  Cutler Decl. ¶ 10.  Should Facebook receive inconclusive evidence such

20  as it obtained from Accretive, additional discovery may be necessary.  Otherwise, Facebook will

21  promptly amend its complaint to substitute the names of the identified John Does and endeavor to

22  serve them.  Cutler Decl. ¶ 10.  As a result, despite Facebook's diligent efforts to identify

23  defendants to date, it anticipates that it will need an additional seven weeks after this court

24  authorizes the discovery requested in this motion in order to identify and serve John Doe

25  defendants.  Cutler Decl. ¶ 8.  Once properly served with the complaint, pursuant to

26  Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, defendants have twenty (20) days to

27  file a response.  Therefore, additional time will be required before defendants can reasonably be

28
- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION FOR LEAVE TO TAKE DISCOVERY

91004-1100/LEGAL13565062.1                                              CASE NO. C-07-03404 HRL

1   required to answer the complaint, meet and confer with counsel for Facebook, and meet the other

2   deadlines imposed upon joint counsel prior to the initial case management report.  Thus,

3   continuing the initial case management conference for an additional twelve (12) weeks will be

4   necessary before all parties will be prepared to participate and move forward with this case.

5                                   **IV.  CONCLUSION**

6          For the reasons set forth above, the Court should grant FACEBOOK's motion for leave to

7   take further discovery, to issue letters rogatory on Look and Rogers, and to continue the initial

8   case management conference in this case for twelve (12) weeks.

9

10  DATED:  September 20, 2007                    **PERKINS COIE LLP**

11

12                                               By:_____/s/_____
                                                           Lisa D. Olle

13                                               Attorneys for Plaintiff
                                                 FACEBOOK, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          - 6 -

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION FOR LEAVE TO TAKE DISCOVERY

91004-1100/LEGAL13565062.1                              CASE NO. C-07-03404 HRL