| | |
|---|---|
| 1 | James McCullagh, *pro hac vice* <br> jmccullagh@perkinscoie.com |
| 2 | Joseph Cutler, *pro hac vice* <br> jcutler@perkinscoie.com |
| 3 | PERKINS COIE LLP <br> 1201 Third Avenue, Suite 4800 |
| 4 | Seattle, WA 98101 <br> Telephone: 206.359.8000 |
| 5 | Facsimile: 206.359.9000 |
| 6 | David P. Chiappetta, Bar No. 172099 <br> dchiappetta@perkinscoie.com |
| 7 | PERKINS COIE LLP <br> Four Embarcadero Center, Suite 2400 |
| 8 | San Francisco, CA 94111-4131 <br> Telephone: 415.344.7000 |
| 9 | Facsimile: 415.344.7050 |
| 10 | Attorneys for Plaintiff <br> FACEBOOK, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> Brian Fabian, Josh Raskin, Ming Wu, and JOHN DOES 4-10, individuals; and Istra Holdings Inc., Slickcash.com, 1564476 Ontario Limited, and JOHN DOES 14-20, corporations, <br><br> Defendants. | Case No. C-07-03404 HRL <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT;** <br> **2) VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT** <br> **3) BREACH OF CONTRACT** <br><br> **[DEMAND FOR JURY TRIAL]** |

FIRST AMENDED COMPLAINT [DEMAND FOR JURY TRIAL]
CASE NO. C-07-03404 HRL
60406-0014/LEGAL13779904.3

FACEBOOK, Inc. ("FACEBOOK") hereby amends its complaint to add defendants and facts, and alleges as follows:

## I. PARTIES

1. Plaintiff FACEBOOK is a Delaware corporation with its principal place of business in Palo Alto, California.

2. Defendant Brian Fabian is an individual residing or working at 48 Hayden Street, Toronto, Ontario M4Y 1V8.

3. Defendant Josh Raskin is an individual residing or working at 48 Hayden Street, Toronto, Ontario M4Y 1V8.

4. Defendant Ming Wu is an individual residing or working at 27 Forest Valley Road, Markham, Ontario L6R 1T8.

5. Defendants John Does 4-10 are individuals of unknown residence and citizenship. FACEBOOK does not know their identities or locations at this time. FACEBOOK will amend its complaint to name John Does 4-10 when their identities are learned.

6. Defendant Istra Holdings, Inc. is a corporation located at 48 Hayden Street, Toronto, Ontario M4Y 1V8.

7. Upon information and belief, defendant Slickcash.com is the trade name or is otherwise affiliated with 1564476 Ontario Limited, and is located at 48 Hayden Street, Toronto, Ontario M4Y 1V8.

8. Defendant 1564476 Ontario Limited is a corporation located at 48 Hayden Street, Toronto, Ontario M4Y 1V8.

9. Defendant John Does 14-20 are corporations of unknown locations of incorporation. FACEBOOK does not know the identities or locations of John Does 14-20 at this time. FACEBOOK will amend its complaint to name John Does 14-20 when their identities are learned.

## II. JURISDICTION AND VENUE

10. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331, because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

FIRST AMENDED COMPLAINT [DEMAND FOR JURY TRIAL]
CASE NO. C-07-03404 HRL
60406-0014/LEGAL13779904.3

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1391(d). Depending on the residence of defendants, venue may also be proper under 28 U.S.C. § 1391(b)(1) or § 1391(b)(3).

### III. FACTS AND BACKGROUND

12. FACEBOOK, Inc. ("FACEBOOK") owns and operates a social networking Web site located at http://www.facebook.com.

13. FACEBOOK requires users of its social networking Web site to register with a unique username and password in order to access its proprietary computer network.

14. Before a username is activated, the user must agree to FACEBOOK's Terms of Use, before FACEBOOK activates their accounts.

15. FACEBOOK's Terms of Use sets forth the terms of authorized use of its proprietary computer network and prohibit users from conducting certain activities. Among the prohibited activities are sending unsolicited or unauthorized advertising, promotional materials, junk mail, spam, chain letters, pyramid schemes, soliciting passwords and personally identifiable information (which is often the intent of so-called "phishing" schemes), and using automated software scripts to send large volumes of requests to the FACEBOOK network. Furthermore, FACEBOOK's Terms of Use prohibit users from disseminating any forms of mass-mailing, mass-contact, or sales schemes over FACEBOOK's Web site.

16. FACEBOOK users may create profiles that contain personal data such as contact information (including email addresses, mailing addresses and telephone numbers), pictures, and other content that is personal in nature.

17. FACEBOOK's Web site enables users to add "friends" to their profiles. This process connects one registrant's profile to another registrant's profile, giving each of the connected "friends" access to the other "friends" connected to the respective profiles. A FACEBOOK user cannot add a "friend" to his or her profile until the friend confirms to FACEBOOK that he or she consents to being added to the user's friend list. In this manner, FACEBOOK's Web site creates a virtual social network of interconnected profiles. "Friends" can send messages to one another over FACEBOOK's proprietary computer network. Users may

1 also send email to one another over the Internet.

2     18.    FACEBOOK user profiles are available for viewing and FACEBOOK users may be contacted only by FACEBOOK or persons who have a FACEBOOK username and password.

    19.    FACEBOOK requires its users to refrain from the prohibited actions described in its Terms of Use because they have the potential to overwhelm FACEBOOK's proprietary computer network and disrupt or degrade service to FACEBOOK users. Furthermore, the prohibited actions detract from the FACEBOOK user environment because they are often associated with unwanted or harmful activities targeting FACEBOOK users or attempting to compromise FACEBOOK's security.

    20.    Sometime between or before June 1, 2007 and June 15, 2007, the Defendants, acting individually and in concert, used Internet Protocol Address ("IP Address") 216.127.50.20 to access FACEBOOK's Web site hundreds of thousands of times. During the fifteen-day period from June 1, 2007 to June 15, 2007, the Defendants sent more than 200,000 separate page requests to FACEBOOK. Upon information and belief, each of these requests sought to direct FACEBOOK's computers to send information on other FACEBOOK users back to IP Address 216.127.50.20.

    21.    Upon information and belief, the Defendants used IP Address 216.127.50.20 between June 1 and June 15, 2007 to access FACEBOOK's computer system without authorization and to execute an automated script (automated computer commands) that attempted to harvest information from other FACEBOOK users. These requests for information from FACEBOOK generated error messages, and were detected as unauthorized attempts to access and harvest proprietary information belonging to FACEBOOK.

    22.    FACEBOOK reported the unauthorized activity originating from IP Address 216.127.50.20 to the Internet Service Provider ("ISP") responsible for administrating the IP Address. In response to FACEBOOK's request, the ISP blocked the offending IP address from accessing IP addresses associated with FACEBOOK's proprietary computer system. Thereafter, FACEBOOK continued to detect similar unauthorized attempts to access its computer network and obtain its proprietary information originating from other IP Addresses that upon information

and belief originated from Defendants.

23. As a direct and proximate result of the unauthorized access to FACEBOOK's proprietary computer network by the Defendants as described in paragraphs 20-22, FACEBOOK has incurred substantial damages in excess of $5,000.

24. Subsequent to filing the original Complaint in this action, FACEBOOK obtained an order permitting it to conduct certain discovery for the purpose of identifying Defendants. FACEBOOK served a discovery request on the ISP responsible for IP address 216.127.50.20 to ascertain the identity of the defendants. The ISP produced a Web Hosting Agreement wherein Defendant 1564476 Ontario Limited is identified as the entity that had sole control and access to a band of IP addresses, including IP address 216.127.50.20. IP Address 216.127.50.020 was assigned to a dedicated single server named "slick17." Defendant Brian Fabian signed the Web Hosting Agreement on behalf of Defendant 1564476 Ontario Limited as its "Director." The Web Hosting Agreement and related billing correspondence produced by the ISP also listed Defendant Josh Raskin as the contact person for the Web Hosting Agreement, with the email address at josh@slickcash.com.

25. Upon information and belief, Defendants 1564476 Ontario Limited, slickcash.com, Brian Fabian and Josh Raskin were responsible for directing the "slick 17" server to access FACEBOOK's computer network without authorization, either through their direct actions or as a result of their control of IP address 216.127.50.20.

26. The ISP also produced logs from the server "slick 17," which indicated that "slick 17" had received commands from two other IP Addresses on or about the time that it attempted to gain access to FACEBOOK's proprietary information without authorization. The two other IP addresses had accessed server "slick17" and had uploaded scripts that were directed at FACEBOOK's network. These two IP addresses were: IP address 74.117.158.224 and IP address 207.136.118.110.

27. FACEBOOK determined that Rogers Communications, Inc. ("Rogers") in Canada was responsible for IP address 74.117.158.224 and that it would not release information related to the subscriber responsible for IP Address 74.117.158.224 without a court order. FACEBOOK

obtained an order from this Court permitting discovery in Canada from Rogers and subsequently obtained an order from the applicable Canadian Court authorizing this discovery. In response to the order directing Rogers to release the subscriber information for IP Address 74.117.158.224, Rogers produced documents indicating that Defendant Ming Wu was assigned IP address 74.117.158.24 during the relevant period of time.

28. Upon information and belief, Defendant Ming Wu was responsible for directing the "slick 17" server to access FACEBOOK's computer network without authorization, either through his direct actions or as a result of his control of IP address 74.117.158.224.

29. FACEBOOK determined that Look Communications, Inc. ("Look") in Canada was responsible for IP Address 207.136.118.110 and that it would not release information related to the subscriber assigned to IP Address 207.136.118.110 without a court order. FACEBOOK obtained an order from this Court permitting discovery in Canada from Look and subsequently obtained an order from the applicable Canadian Court authorizing this discovery. In response to the order directing Look to release the subscriber information for IP Address 207.136.118.110, Look produced documents indicating that Defendant Istra Holdings, Inc. ("Istra") was the user of IP Address 207.136.118.110 during the relevant period of time. Defendant Brian Fabian is the "Manager" contact for Istra's contract with Look.

30. Upon information and belief, Defendants Istra Holdings and Brian Fabian were responsible for directing the "slick 17" server to access FACEBOOK's computer network without authorization, either through their direct actions or as a result of their control of IP address 207.136.118.110.

## IV. CLAIMS FOR RELIEF

### COUNT I – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

31. Plaintiff FACEBOOK realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-30 above.

32. FACEBOOK's Web site operates in interstate commerce.

33. The Defendants intentionally accessed FACEBOOK's Web site without authorization, including but not limited to more than 200,000 separate requests sent from IP

1 Address 216.127.50.20, which caused or recklessly caused damage and loss in excess of $5,000 to FACEBOOK.

34. The Defendants' attempts to access FACEBOOK's Web site have harmed FACEBOOK in that, among other things, FACEBOOK has been required to expend resources to investigate the attempted unauthorized access and abuse of its computer network and to prevent such access or abuse from occurring.

**COUNT II – CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CALIFORNIA PENAL CODE § 502(C)**

35. Plaintiff FACEBOOK realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-34 above.

36. FACEBOOK's proprietary computer network that hosts its Web sites is located in the State of California.

37. The Defendants knowingly and without permission used FACEBOOK's proprietary computers, computer system, or computer network.

38. The Defendants knowingly and without permission accessed FACEBOOK's proprietary computers, computer system, or computer network.

39. Upon information and belief, the Defendants knowingly and without permission took, copied, or made use of, data from FACEBOOK's proprietary computers and computer network.

40. As a direct and proximate result of the Defendants' actions, FACEBOOK has been irreparably harmed and damaged in that, among other things, FACEBOOK has been required to expend resources to investigate the attempted unauthorized access and abuse of its computer network and to prevent such access or abuse from occurring. The extent and amount of such injury and damage will be demonstrated at trial.

**COUNT III – BREACH OF CONTRACT**

41. Plaintiff FACEBOOK realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-40 above.

42. Access to FACEBOOK's "Friend" profiles is predicated upon agreement to the FACEBOOK Terms of Service.

43. Defendants agreed to FACEBOOK's Terms of Service in exchange for receiving a FACEBOOK username and password.

44. The Defendants used the FACEBOOK username and password in ways that are expressly prohibited by FACEBOOK's Terms of Service, including attempting to gain unauthorized access to FACEBOOK user profiles, the unauthorized use of the "friend-finder" functionality, and the use of automated commands ("scripts") to access and attempt to obtain proprietary information from FACEBOOK's network.

45. The Defendants' breach of the Terms of Service have caused and continue to cause FACEBOOK to expend resources to investigate the attempted unauthorized access and abuse of its computer network and to prevent such access or abuse from occurring. The extent and amount of such injury and damage will be demonstrated at trial.

## V. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff FACEBOOK prays for the following relief:

A. For injunctive relief, as follows: An order barring the Defendants from any further acts constituting a violation of the Computer Fraud and Abuse Act or the California Comprehensive Data Access and Fraud Act, including any attempts to access FACEBOOK's computer systems, with or without a valid registration;

B. For judgment in favor of plaintiff, and against the Defendants, for damages in such amounts as may be proven at trial; and

C. For such other relief as the Court may deem just and proper.

DATED: December 12, 2007

**PERKINS COIE LLP**

By: /s/ David Chiappetta
      David Chiappetta
Attorneys for Plaintiff
FACEBOOK, INC.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury as to all issues so triable in this action.

DATED: December 12, 2007

**PERKINS COIE LLP**

By:/s/ David Chiappetta
David Chiappetta

Attorneys for Plaintiff
FACEBOOK, INC.