Paul S. Rosenlund (SBN 87660)
Gregory G. Iskander (SBN 200215)
DUANE MORRIS LLP
One Market, Spear Tower
San Francisco, CA 94105-1104
Telephone: 415-957-3000
Facsimile: 415-957-3001
psrosenlund@duanemorris.com
ggiskander@duanemorris.com

Attorneys for Defendants
Brian Fabian, Josh Raskin, Ming Wu, Istra Holdings Inc.,
1564476 Ontario Limited, and Slickcash.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. C-07-03404 HRL |
| Plaintiff, | **ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | **JURY DEMAND** |
| BRIAN FABIAN, JOSH RASKIN, MING WU, and JOHN DOES 4-10, individuals; and ISTRA HOLDINGS INC., SLICKCASH.COM, 1564476 ONTARIO LIMITED, and JOHN DOES 14-20, corporations, | |
| Defendants. | |

---

ANSWER TO FIRST AMENDED COMPLAINT; Case No. C-07-03404 HRL

Defendants, Brian Fabian, Josh Raskin, Ming Wu, Istra Holdings Inc., 1564476 Ontario Limited, and Slickcash.com ("Defendants"), in answer to the First Amended Complaint ("Complaint") filed by Plaintiff, FaceBook, Inc. ("Plaintiff"), admit, deny and allege as follows:

## I. PARTIES

1. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

2. Defendants admit the allegations in this paragraph.

3. Defendants deny the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph.

5. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

6. Defendants admit the allegations in this paragraph.

7. Slickcash.com is a website operated by 1564476 Ontario Limited. Except as expressly admitted, Defendants deny the allegations in this paragraph.

8. Defendants admit the allegations in this paragraph.

9. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

## II. JURISDICTION AND VENUE

10. Defendants do not admit or deny the allegations in this paragraph as said allegations are conclusions of law to which no responsive pleading is required. To the extent that facts are alleged, Defendants deny the allegations in this paragraph.

11. Defendants do not admit or deny the allegations in this paragraph as said allegations are conclusions of law to which no responsive pleading is required. To the extent that facts are alleged, Defendants deny the allegations in this paragraph.

## III. FACT AND BACKGROUND

12. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

///

1

13. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

14. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

15. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

16. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

17. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

18. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

19. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

20. Defendants admit that 1564476 Ontario Limited accessed the FaceBook website through IP address 216.127.50.20. Except as expressly admitted, Defendants deny the allegations in this paragraph.

21. Defendants deny that they accessed FaceBook's computer system without authorization and attempted to harvest information from other FaceBook users. Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and on that basis, deny the remaining allegations in this paragraph.

22. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

23. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

24. Defendants admit that 1564476 Ontario Limited entered into a web hosting agreement for IP address 216.127.50.20, that said IP address was assigned a server labeled as slick17, that Brian Fabian signed the web hosting agreement on behalf of 1564476 Ontario Limited

ANSWER TO FIRST AMENDED COMPLAINT; Case No. C-07-03404 HRL

as its director, and that Josh Raskin was identified as a contact person for the web hosting agreement with the email address of josh@slickcash.com. Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and on that basis, deny the remaining allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

27. Defendants admit that Ming Wu was assigned IP address 74.117.158.24 with Rogers Communications. Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and on that basis, deny the remaining allegations in this paragraph.

28. Defendants deny the allegations in this paragraph.

29. Defendants admit that Istra Holdings, Inc. used IP address 207.136.118.110 and that Brian Fabian was the contact for the agreement with Look Communications. Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and on that basis, deny the remaining allegations in this paragraph.

30. Defendants deny the allegations in this paragraph.

## IV. CLAIMS FOR RELIEF

### COUNT I

31. Defendants re-allege and incorporate herein the answers to paragraphs 1 though 30 as if fully set forth here.

32. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

33. Defendants deny the allegations in this paragraph.

34. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

///

///

3

ANSWER TO FIRST AMENDED COMPLAINT; Case No. C-07-03404 HRL

## COUNT II

35. Defendants re-allege and incorporate herein the answers to paragraphs 1 though 34 as if fully set forth here.

36. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

## COUNT III

41. Defendants re-allege and incorporate herein the answers to paragraphs 1 though 40 as if fully set forth here.

42. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

43. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

44. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

45. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph, and on that basis, deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1. As a first, separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action thereof, fails to state facts sufficient to state a cause of action.

///

**SECOND AFFIRMATIVE DEFENSE**

2. As a second, separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action thereof, is barred by reason of lack of personal jurisdiction over the Defendants.

**THIRD AFFIRMATIVE DEFENSE**

3. As a third, separate and distinct affirmative defense, Defendants allege that the individual defendants are not personally liable to plaintiff for any damages incurred by the entity defendants, if any, under any cognizable legal theory.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a fourth, separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action thereof, is barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a fifth, separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action thereof, is barred by reason of the Plaintiff's failure to comply with the terms, conditions, covenants, and promises required to be performed by Plaintiff in accordance with the policy, or any other agreement or agreements, if any, proven to exist among the parties.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a sixth, separate and distinct affirmative defense, Defendants assert that any damages sustained by Plaintiff were caused by persons, firms, corporations, entities or organizations other than Defendants. By reason thereof, Defendants are not liable to Plaintiff for any alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a seventh, separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action thereof, is barred because the Complaint is impermissibly vague and ambiguous.

///

///

## EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth, separate and distinct affirmative defense, Defendants allege that any complained of conduct alleged to have been committed by Defendants, was induced by mistake of fact and/or fraud and/or misrepresentations by others, including but not limited to, Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

9. As a ninth, separate and distinct affirmative defense, Defendants assert that Plaintiff failed to mitigate its damages, and said failure to mitigate bars Plaintiff from recovery in this action.

## TENTH AFFIRMATIVE DEFENSE

10. As a tenth, separate and distinct affirmative defense, Defendants allege that in dealing with the Plaintiff, Defendants at all times dealt fairly and in good faith, and had reasonable grounds for believing that they did not violate the provisions of applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As an eleventh, separate and distinct affirmative defense, Defendants allege that Plaintiff failed to submit its claims for arbitration as required by an agreement to arbitrate between the parties.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth, separate and distinct affirmative defense, Defendants assert that Plaintiffs, by and through their conduct, acts, deeds, and omissions have caused Defendants to change their position and to act to their detriment and prejudice, therefore, the Complaint and each alleged cause of action therein, is barred by the equitable doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a thirteenth, separate and distinct affirmative defense, Defendants allege that Plaintiffs consented to and/or acquiesced in the alleged acts or omissions, if any, and are barred from any relief as prayed for in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a fourteenth, separate and distinct affirmative defense, Defendants allege that there has been a misjoinder of parties.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

15. As a fifteenth, separate and distinct affirmative defense, Defendants allege that the contract complained of was void and/or unenforceable as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a sixteenth, separate and distinct affirmative defense, Defendants allege that venue in this district is improper and/or subject to transfer for forum non conveniens.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a seventeenth, separate and distinct affirmative defense, Defendants allege that they currently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unknown and unstated affirmative defenses available to them. Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery indicates that it would be appropriate to do so.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That the Complaint be dismissed in its entirety, with prejudice;
2. That Plaintiff take nothing by virtue of this action;
3. For costs of suit incurred herein, including attorneys' fees where allowed;
4. For such other and further relief as this Court may deem just and proper.

Dated: February 1, 2008         DUANE MORRIS LLP

                                By:  /s/ Gregory G. Iskander
                                    Paul S. Rosenlund
                                    Gregory G. Iskander
                                    Attorneys for Defendants

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Dated: February 1, 2008              DUANE MORRIS LLP

                                     By: /s/ Gregory G. Iskander
                                         Paul S. Rosenlund
                                         Gregory G. Iskander
                                         Attorneys for Defendants

DM1\1281787.1

8