Paul S. Rosenlund (SBN 87660)
Gregory G. Iskander (SBN 200215)
DUANE MORRIS LLP
One Market, Spear Tower
San Francisco, CA 94105-1104
Telephone: 415-957-3000
Facsimile: 415-957-3001
psrosenlund@duanemorris.com
ggiskander@duanemorris.com

Attorneys for Defendants
Brian Fabian, Josh Raskin, Ming Wu, Istra Holdings Inc.,
1564476 Ontario Limited, and Slickcash.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN FABIAN, JOSH RASKIN, MING WU, and JOHN DOES 4-10, individuals; and ISTRA HOLDINGS INC., SLICKCASH.COM, 1564476 ONTARIO LIMITED, and JOHN DOES 14-20, corporations, <br><br> Defendants. | Case No. C-07-03404 HRL <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: March 4, 2008 <br> Time: 1:30 p.m. <br> Ctrm: 2, 5th Fl. <br> Judge: Magistrate Judge Howard R. Lloyd <br><br> First Amended Complaint Filed: December 12, 2007 |

---

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; Case No. C-07-03404 HRL

Plaintiff FaceBook, Inc. and Defendants Brian Fabian, Ming Wu, Josh Raskin, Istra Holdings Inc., 1564476 Ontario Limited, and Slickcash.com (collectively "Defendants"), jointly submit this Case Management Conference Statement.

**A. Jurisdiction and Service**

Plaintiff submits that jurisdiction is proper in this Court, under 28 U.S.C. § 1331, because the action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and that venue is proper under 28 U.S.C. § 1391(b)(2) and (d), or in the alternative § 1391(b)(1) or (3).

Defendants believe that there may be a lack of both subject matter jurisdiction and/or personal jurisdiction and do not concede jurisdiction. Defendants reserved the right to challenge jurisdiction in their Answer and will promptly do so upon completion of initial discovery and investigation.

All defendants have been served (in December 2007 and January 2008) and answered the Complaint on February 1, 2008.

**B. Factual Background**

Plaintiff alleges that sometime between or before June 1, 2007 and June 15, 2007, the Defendants, acting individually and in concert, used a remote server to access Facebook's Web site hundreds of thousands of times, and using an unauthorized automated script designed to circumvent Facebook's normal security defenses, directed Facebook's computers to verify and obtain information about Facebook's users, and to profit from that information. The Defendants continued to adapt their approach to accessing Facebook's Web site in the manner described above despite the efforts of Facebook's security staff to block the Defendants' actions.

Defendants are Canadian residents and entities who deny generally the allegations of improper conduct alleged by Plaintiff.

**C. Legal Issues**

Whether Defendants' conduct violated the Computer Fraud and Abuse Act; the California Comprehensive Computer Data Access and Fraud Act; or FaceBook's Terms and Conditions.

Whether Defendants intentionally accessed FaceBook's Web site without authorization.

///

1

Whether Defendants' conduct caused damage in excess of the statutory minimum or any damages at all as defined by the relevant statutes.

The content of FaceBook's terms and conditions and whether FaceBook's terms and conditions are valid and enforceable.

Whether Defendants are subject to the personal jurisdiction of this Court.

**D.     Motions**

The Defendants intend to evaluate whether the Court has personal jurisdiction over these defendants, and may potentially move to dismiss for lack of personal jurisdiction. Further, Defendants may move to compel arbitration pursuant to the terms of the contract upon which Plaintiff sues.

Other motions are uncertain at this time.

**E.     Amendment of Pleadings**

No amendments to the pleadings are presently contemplated.

**F.     Evidence Preservation**

Plaintiffs, Defendants, and third party Accretive Technology Group have been advised by their counsel to preserve all relevant evidence, including electronically stored evidence, if any. The parties have agreed to postpone detailed discussion of discovery-related issues, including electronic discovery, pending the results of their ongoing settlement discussions. See section G, below.

**G.     Disclosures**

The parties have not yet made their initial disclosures. The parties are in extensive negotiations for settlement of this matter and thus desire to refrain from the expense and burden of initial disclosures and discovery at this time. The parties agree that if no agreement is reached, the parties shall make initial disclosures pursuant to Rule 26 on or before April 4, 2008.

**H.     Discovery**

The parties see no reason to deviate from the Federal Rules of Civil Procedure with respect to discovery. See also section G, supra.

**I.     Related Cases**

None.

2

**J.     Relief**

Injunctive and monetary relief is sought in the Complaint. Plaintiff's investigation regarding monetary damages is ongoing, and the amount of such damages will be proven at trial.

Defendants do not believe that Plaintiff is entitled to relief and require additional discovery and investigation to determine the scope of damages, if any.

**K.     Settlement and ADR**

The parties are in extensive negotiations to settle this matter, including potential cooperation from the Defendants with Plaintiff's investigation of this matter. Therefore the parties desire to continue the deadline for the required ADR flings until April 25, 2008.

**L.     Consent to Magistrate Judge For All Purposes**

The Parties consent to the Magistrate Judge for all purposes.

**M.     Other References**

Not applicable.

**N.     Narrowing of Issues**

At this time, it is too early to evaluate and determine all the issues and/or any narrowing of the issues.

**O.     Expedited Schedule**

The parties do not believe that the Court should impose an expedited schedule for this action. Defendants were served in December 2007 and January 2008, and have only responded to the First Amended Complaint on February 1, 2008. No discovery has taken place and the parties are in extended negotiations.

**P.     Scheduling**

In the event that the parties are unable to reach settlement, the parties recommend that the Court set the following schedule:

Fact Discovery Cut-Off:  June 27, 2008

Expert Reports:  August 1, 2008

Expert Rebuttal Reports: August 29, 2008

Expert Discovery Cut-off:  September 26, 2008

3

Last day for hearings on dispositive motions: November 25, 2008

Pre-Trial Conference: December 22, 2008

Trial: January 12, 2009

**Q.      Trial**

The parties have each requested a Jury Trial. The expected length of trial is 5-7 days.

**R.      Disclosures of Non-Party Interested Entities or Persons**

Defendants have filed a "Certificate of Interested Entities or Persons," pursuant to Civil L.R. 3-16, stating that other than the named parties, there is no such interest to report.

**S.      Other Matters**

None at the present time.

Dated: February 26, 2008                    DUANE MORRIS LLP

                                            By:  /s/ Gregory G. Iskander
                                                Gregory G. Iskander
                                                Attorneys for Defendants

Dated: February 26, 2008                    PERKINS COIE LLP

                                            By:  /s/ David Chiappetta
                                                David Chiappetta
                                                Attorneys for Plaintiff

DM1\1294592.2